UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT KERWIN DURANT, | ) | CASE NO. 3:11 CV 1221 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| SENECA COUNTY JAIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Robert Kerwin Durant filed the above-captioned action under 42 U.S.C. §1983 against the Seneca County Jail and the Seneca County Sheriff. In the Complaint, Plaintiff alleges he was given the wrong medication, was served food the contained foreign objects, and was denied the opportunity to use the restroom. He seeks monetary damages.

## Background

Plaintiff's Complaint is very brief. He indicates he was given medication that was not prescribed for him. He states he does not know the name of the medication or the effect it has on the body. He contends he is now afraid to take medications dispensed at the jail.

Plaintiff also alleges he was served a peanut butter sandwich that had a metal tie concealed in it. He states that if he had consumed this piece of metal, it could have caused him serious harm.

Finally, Plaintiff states without any explanation that someone at the jail refused to open a door so he could use the restroom "in an emergency that [he] was having at the time." ECF No. 1 at 5. He claims anything could have happened to him.

Plaintiff asserts claims for medical malpractice, personal injury, and "restrictions of the basic rights on wanting to use the bathroom."  He seeks $120,000.00 in damages.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading that offers

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## Analysis

As an initial matter, neither of the Defendants is subject to suit under 42 U.S.C. § 1983. The Seneca County Jail is not *sui juris*. It is building owned and operated by Seneca County. It is not its own entity, and is not capable of being sued. *Yahnke v. Nixon*, No. 1:10 CV 1470, 2010 WL 3420650, at *1 (N.D. Ohio  Aug. 27, 2010); *see Johari v. City of Columbus Police Dept.*, 186 F.Supp.2d 821, 825 (S.D. Ohio 2002) (holding that the police department lacks capacity to be sued because "the Division of Police is an administrative vehicle by which the city operates and performs its functions.")*; Barrett v. Wallace*, 107 F.Supp.2d 949, 954 (S.D. Ohio 2000) (under Ohio law, a county sheriff's office is not a legal entity capable of being sued).  Plaintiff's claims against the Seneca County Jail are therefore construed as claims against Seneca County.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770,

786 (6th Cir. 1999). Plaintiff's Complaint is so brief. There is no suggestion in any of the allegations of a custom or policy of Seneca County which may have resulted in the deprivation of Plaintiff's federally protected rights.

In addition, although Plaintiff names the Seneca County Sheriff as a Defendant, there is no indication in the Complaint that he personally participated in any of the conduct Plaintiff describes. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Absent some allegations suggesting the Sheriff was actually the individual who dispensed the wrong medication, placed a metal object in Plaintiff's sandwich and refused to open a door to allow him to use the restroom, he cannot be held personally liable for damages for these actions.

It is possible Plaintiff named the Sheriff as the Defendant based on his supervisory position in the jail. A supervisor cannot be held liable for the actions of employees based on his mere failure to act to prevent the violation from occurring. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). It must be based on more than a mere right to control employees. *Id.* To be liable for damages, the supervisor must have actively engaged in unconstitutional behavior. *Id.* Again, Plaintiff does not allege that the Sheriff took part in any of the actions giving rise to this Complaint. Consequently, the claims against him must be dismissed.

-4-

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/ JAMES G. CARR
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.